UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JACOB MORGAN,<br><br>   Plaintiff,<br><br>  v.<br><br>RHONDA K. FORSBERG, et al,<br><br>   Defendants. | Case No. 2:25-cv-00309-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP") (ECF No. 1) and Complaint (ECF No. 1-1). The Court has reviewed these filings and finds Plaintiff's IFP application is complete and granted below.

**I. Discussion**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* A complaint should be dismissed for failure to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). Further, a complaint may also be dismissed if it is premised on a nonexistent legal interest or when the defendants are clearly immune from suit. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (citing *Williams v. Goldsmith*, 701 F.2d 603 (7th Cir. 1983)).

In his Complaint, Plaintiff attempts to assert a claim for defamation of character under NRS 200.510-60 against the following Defendants: Rhonda Forsberg, a judge on the Eighth Judicial District Court for Clark County, Nevada; Asia Akbar, who Plaintiff's allegations suggest is the mother of his children; and a Clark County Child Protective Services caseworker identified only as "Kristine". ECF No. 1-1 at 2-3. Though the factual allegations in the Complaint are less than a model of clarity, they are sufficiently clear for the Court to determine that it cannot exercise

1  jurisdiction over Plaintiff's claim.  The only cause of action asserted in the Complaint arises under
2  state law.  Thus, the Court can exercise jurisdiction only if there is complete diversity of citizenship
3  between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  Plaintiff
4  states he is a resident of Clark County, Nevada.  While no addresses are provided for Defendants,
5  Plaintiff identifies an Eighth Judicial District Court judge and Clark County caseworker associated
6  with Child Protective Services as defendants.  These allegations are sufficient to establish complete
7  diversity among the parties does not exist.

8        Further, although it is typical to grant *pro se* plaintiffs leave to amend their pleadings, the
9  nature of Plaintiff's allegations convinces the Court that it would be futile to grant such leave here.
10  Not only do Defendants Forsberg and Kristine enjoy absolute immunity from suit for actions taken
11  in their respective roles of judge and social worker, *see Schucker v. Rockwood*, 846 F.2d 1202, 1204
12  (9th Cir. 1988); *Miller v. Gammie*, 335 F.3d 889, 896 (9th Cir. 2003), but a review of the factual
13  allegations demonstrates Plaintiff's claim arises out of a dispute in family court.  ECF No. 1-1 at 3-
14  4 ("Judge Rhonda K. Forsberg order [sic] me to not be around my kids.").  Federal courts cannot
15  exercise jurisdiction over family law matters.  *Patil v. Cnty. of Santa Clara*, Case No. 16-cv-01418
16  NC, 2016 U.S. Dist. LEXIS 58222, at *2 (N.D. Cal. Apr. 14, 2016) ("Federal courts do not have
17  jurisdiction over family law matters; rather, those decisions rest firmly with the state courts.") (citing
18  *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)).

19        Because it is clear the Court lacks subject matter jurisdiction over the underlying dispute
20  between Plaintiff, the mother of his children, and a family court judge regardless of the form of
21  pleading, the Court dismisses Plaintiff's Complaint without prejudice, but without leave to amend.
22  Plaintiff retains the ability to bring his claim in state court against any Defendant who is not immune
23  from suit.

24  **II.     Order**

25        IT IS HEREBY ORDERED that Plaintiff's Application to proceed *in forma pauperis* (ECF
26  No. 1) is GRANTED.

27        IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No 1-1) is DISMISSED
28  without prejudice but without leave to amend.

IT IS FURTHER ORDERED that no further pleadings are to be accepted or filed in this matter.

Dated this 2nd day of June, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE